**MIN LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

**No. 06–0550–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 28, 2006.

Liu Yu, New York, New York, for Petitioner.

Rita R. Valdrini, Acting United States Attorney for the Northern District of West Virginia, Peter Keisler, Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Lin Min, a native and citizen of the People's Republic of China, seeks review of a January 13, 2006 order of the BIA affirming the April 15, 2004 decision of Immigration Judge ("IJ") Douglas Shoppert denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Lin,* No. A79–630–137 (B.I.A. Jan. 13, 2006), *aff'g* No. A79–630–137 (Immig. Ct. N.Y. City April 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng*

*Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Persecution is an extreme concept that does not include all treatment that we regard as offensive. *Ai Feng Yuan v. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (referencing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)). This Court has explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Although the record indicates that Lin was never arrested, detained, physically harmed, financially penalized or otherwise severely mistreated at the hands of the village cadres, we need not decide if the IJ's conclusion that petitioner failed to establish past persecution is correct. Here, substantial evidence supports the IJ's determination that Lin could have safely relocated within China, and done so regardless of whether we treat the burden on this issue to be on her or on the government. According to the background materials, as a single, childless woman who is not pregnant, Lin has not violated the family planning policy. Substantial evidence also supports the IJ's finding that Lin could have lived safely elsewhere in China as indicated by her successful relocation to Fuzhou, and as further supported by the relocation of the woman in her village who had actually violated the family planning policy. Because Lin could have relocated without fear of persecution, she also failed to prove her eligibility for withholding of removal. Finally, Lin did not argue that she qualifies for CAT relief in her brief to this Court. That claim is therefore considered waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DENIED.